## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| WILEY W. CUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00753-O-BP |
| | § | |
| TY KITCHENS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim and appendix that Defendants Ty Kitchens and Brian Daugherty filed on August 11, 2025 (ECF Nos. 11, 12), the response that plaintiff Wiley W. Cutler filed on August 27, 2025 (ECF No. 17), and the reply that Kitchens and Daugherty filed on August 28, 2025 (ECF No. 18). Additionally before the Court is the Motion to Dismiss that Defendant Jesus "Jay" Chapa filed on August 21, 2025 (ECF No. 15). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** the case as **MOOT**, as it does not present a judiciable case or controversy under Article III of the United States Constitution.

## I.      BACKGROUND

On July 14, 2025, Wiley Cutler made his first filing in this case. ECF No. 1. But that document was not a complaint. *See id.* Instead, what Cutler filed was a motion for a temporary restraining order ("TRO") seeking to "bar[] the City of Fort Worth[,] Texas, Code Compliance Department, from denying Plaintiff's due process rights under the Constitution." *Id.* at 1. His motion named three defendants: (1) "Ty Kitchens, Interim Superintendent for the Code

Compliance Department with The City of Fort Worth, Tx," (2) "Brian Daugherty, Code Compliance Director," and (3) "Jesus 'Jay' Chapa, City Manager, City of Fort Worth, Tx." *Id.*

According to Cutler, in December 2024, an employee of the City's Code Compliance Department "illegally c[a]me across [Cutler's] property line" and "engage[d] in" unspecified "deceptive practices." *Id.* at 2. Cutler further alleges that Code Compliance employees "were recruited for a special operation to target [him and his partner] and [their] neighbors with harassment and abuse." *Id.* at 1. On July 2, 2025, a Code Compliance employee delivered a letter from Code Compliance Department Interim Superintendent Ty Kitchens to Cutler's partner notifying Cutler that his property had been declared a nuisance in violation of the Code of the City of Fort Worth for an "unlawful accumulation" of household items, scrap, and other detritus. *Id.*; *id.* at 11. That letter explained that were the problem not abated within ten days, the City would abate the nuisance itself. *Id.* at 11.

At some point after December 2024, the State of Texas sued Cutler in the Municipal Court of Fort Worth regarding this code violation. That case had a trial date set for August 6, 2025. On July 14, Cutler petitioned this Court for a TRO seeking to "enforce the terms of" the July 2 letter and prevent the Defendants he named in his federal suit from entering his property "until such time as any necessary appeals are filed at the conclusion of the trial in Municipal Court number 5." *Id.* at 1-2. However, as circumstances turned out, there never was to be an appeal. On August 6, 2025, the municipal judge granted the State's motions to dismiss both causes it had brought against Cutler. ECF No. 12 at 2-3; *see also Brown v. Waybourn*, 764 F. Supp. 3d 466, 470-71 (N.D. Tex. 2025) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986)) ("The court may also take judicial notice of matters of public record."). Defendants now move to dismiss Cutler's claims as moot. *See* ECF Nos. 11-12, 15, 18.

## II.    LEGAL STANDARD

 "[T]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Chafin v. Chafin*, 568 U.S. 165, 171–72 (2013). The "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (internal quotation marks omitted).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 91 (internal quotation marks omitted). Mootness is in this way a jurisdictional inquiry. "If a dispute ceases mid-litigation, so does [the Court's] jurisdiction." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (citing U.S. CONST. art. III, § 2).  The Court must raise the issue of mootness *sua sponte* because "[a] moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x. 329, 331 (5th Cir. 2005) A court dismissing for mootness should do so without prejudice. *Salcido v. Wilson*, No. 21-11029, 2022 WL 1564188, at *1 (5th Cir. 2022).

## III.    ANALYSIS

In his motion, Cutler asks the Court to bar Defendants from violating his due process rights. ECF No. 1. Specifically, Cutler seeks a TRO performing three goals: (1) enforcing the terms of the July 2 letter (which merely explained what Cutler had to do to no longer be in violation of the City Code, ECF No. 1 at 11), (2) denying Defendants access to his property until a hypothetical appeal of the state case culminated, and (3) "reinstat[ing] the judicial guardrails the Defendant(s) attempt[ed] to knock down and bypass, in their zeal to strong arm the Plaintiff[] into what can only be described a vigilante type administrative policing." *See generally* ECF No 1. What Cutler refers

to in that third request is uncertain, though it appears he seeks a TRO restraining Defendants from "denying [him] access to the judicial system." *Id.* at 2.

But of course, Cutler had his day in court on August 6, 2025. And the State dropped the claims it had against him on that same date. ECF No. 12 at 2-3. Accordingly, all the relief Cutler seeks in his TRO motion concerns conditions that may or may not have existed prior to the adjudication of his state case. *See* ECF No. 1 ("This Temporary Restraining Order is in the public interest and preserves our constitutional rights to a fair and impartial jury trial."). That state jury case has now come and gone, and the Court can fashion no relief aimed at safeguarding Cutler's pre-trial rights or requests when the municipal court dismissed the case at issue. Resultantly, the undersigned finds that the present case is **MOOT**.

Before concluding, the undersigned notes one other detail. On August 27, 2025, Cutler filed a response to Defendants Kitchens and Daugherty's Motion to Dismiss. ECF No. 17. This document is at best confusing, but liberally construed, it might be said to newly allege due process violations against Code Compliance officer Terrica Orr, certain unnamed Fort Worth police officers, and certain unnamed Tarrant County prosecutors. *See generally* ECF No. 17. Generally, allegations raised for the first time in a response to a motion to a dispositive motion are not properly before the Court. *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 537 (N.D. Tex. 2021). But the Court may construe "new allegations and theories in responses to dispositive motions as motions for leave to amend, thus providing the [C]ourt a path to consider the new allegations." *Id.*

Here, the undersigned finds no basis to construe Cutler's response as a motion for leave to amend, much less analyze whether the Court should grant Cutler leave to amend his original pleading. First, Cutler's initial pleading was not a complaint and did not abide by the requirements of Federal Rule of Civil Procedure 8. Second, even if Cutler's response could be thought of as a

motion for leave to amend a complaint, and even if it could be read to bring claims under 42 U.S.C. § 1983 or otherwise, the factual information Cutler includes in that filing does not even possibly state a claim against the current named defendants. Instead, at best it alleges claims against various other government officers across Fort Worth and Tarrant County, Texas—none of whom are presently before the Court. To the extent Cutler or others have claims against those persons, they are free to pursue those claims in a separate case in a proper forum.

## IV.    CONCLUSION

The relief Cutler requested in his first filing in this case is no longer possible. Accordingly, the undersigned **RECOMMENDS** that Chief Judge Reed O'Connor **DISMISS** this case as **MOOT** and without prejudice.

**SIGNED** on December 15, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE